UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

KYRIN CONYERS, et al.,

                Defendants.

23-CR-457 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On October 4, 2024, Defendant Kyrin Conyers filed a motion to suppress evidence the Government obtained by executing three search warrants. ECF Nos. 81, 83 ("Mem."). This evidence included cell phone data and data from an Instagram account. *Id.* On October 18, 2024, the Government filed an opposition, asserting that the magistrate judge properly issued all three warrants, and that in any event, the "good-faith" exception would permit the Government to utilize the obtained evidence. ECF No. 89 ("Opp."). Defendant did not file a reply memorandum in support of his motion. After hearing argument on the motion on January 6, 2025, the Court denied Defendant's motion, and stated the reasoning for that decision would be memorialized at a later date. This Order articulates the basis for that denial.

In his motion, Conyers argues that the officer-affiant lacked direct knowledge to support their conclusions, and did not observe anything "explicitly criminal." Mem. at 7-8. Conyers also argued the affidavits supporting the warrant applications relied on stale information. *Id.* at 6. In short, Defendant's motion largely challenged whether probable cause existed to support the warrants. However, because, as explained below, the Court has found the good-faith exception applies, it need not address Defendant's challenges to the existence of probable cause underlying the warrants. *See United States v. Purvis-Mitchell*, No. 22-1653 (L), 2024

WL 763403, at *1 (2d Cir. Feb. 26, 2024) (citing *United States v. Jones*, 43 F. 4th 94, 110 (2d Cir. 2022)).

In its opposition, the Government argues that probable cause existed for issuing the search warrants, and advocates for application of the "good faith" exception. Opp. at 18-19. This exception prevents the invalidation of a search conducted pursuant to a defective search warrant if it was "objectively reasonable" for officers to rely on the warrant as issued. *United States v. Singh*, 390 F.3d 168, 183 (2d Cir. 2004). The good faith exception will generally apply absent one of four circumstances: "(1) where the issuing magistrate judge has been knowingly misled; (2) where the issuing magistrate judge wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; [or] (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Raymonda*, 780 F.3d 105, 118 (2d Cir. 2015) (quoting *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011)).

As previously stated, Defendant did not answer, oppose, or present any argument explicitly challenging the good faith exception. Defendant's arguments in the motion and at oral argument could, at most, be construed as advocating that the latter two of these four circumstances existed. But neither applies here: the Government submitted affidavits in connection with each warrant application, which included, among other things, an overview of the investigation involving Conyers, descriptions of controlled buys from Conyers, and detailed accounts of the officer observing, based on knowledge and experience, Conyers engaging in drug transactions with other customers. Opp. at 6-7; *See, e.g.,* ECF No. 85-1, Ex. B at USAO_002475–2480).

Moreover, contrary to Conyers's assertion, it is well settled that an affiant may rely on training and experience as a basis for inferences and conclusions. *See United States v. Pinto-*

2

*Thomaz*, 352 F.Supp.3d 287, 306 (S.D.N.Y. 2018) (observing that affidavits may "rely on the affiants' training, experience, and the totality of the circumstances to support a 'common-sense' probability that the evidence may be found there sufficient for probable cause.") (citing *United States v. Singh*, 390 F.3d 168, 182 (2d Cir. 2004)). Indeed, courts have explicitly credited conclusions similar to the ones offered in this case based on an officer's experience and training. *See United States v. Matos*, No. 17-CR-182 (KBF), 2017 WL 5989203, at *6 (S.D.N.Y. Dec. 4, 2017) (finding probable cause based on officer's observations, which included the defendant "removing something from his jacket pocket and exchanging it for money at night, on the street, in an area known for drug transactions"). In short, Defendant has not articulated any basis for why the good-faith exception should not apply.

Accordingly, as stated at the January 6, 2025 conference, Defendant's motion to suppress is DENIED, and the Clerk of Court is respectfully directed to terminate ECF No. 81.

Dated: January 31, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3