UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYRIN CONYERS,<br>a/k/a "Kyro,"<br><br>Defendant. | 23-CR-457 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

Pending before the Court are Defendant's motion to adjourn trial and for an order requiring the MDC to provide the Defendant additional computer access in advance of trial (ECF No. 171) and the Government's motion for a Rule 15 deposition (ECF No. 169). For the reasons stated in the Government's opposition (ECF No. 172), Defendant's motion to adjourn trial and for an order regarding additional computer access is denied. The latter motion is denied without prejudice. If Mr. Conyers makes the request for additional computer time and MDC denies that request, counsel should resubmit the motion and proposed order.

The Government's motion for a Rule 15 deposition of Detective-1 is granted. The Court concludes that this deposition is required because of the "exceptional circumstances" articulated in the Government's motion and that doing so is "in the interest of justice." Specifically, Detective-1's testimony as the invoicing officer of a firearm recovered from an apartment allegedly occupied by Defendant is plainly material to Count Three in this case. *See United States v. Grossman*, 03 Cr. 1156 (SHS), 2005 WL 486735, *3 (S.D.N.Y. March 2, 2005) (concluding that "testimony is material if it is highly relevant to a central issue in the case"). The Court is also satisfied that, based on the representations of counsel regarding Detective-1's physical condition, Detective-1 is effectively "unavailable" to testify at trial. *See* Fed. R. Evid.

804(a)(4). And, the Court finds that allowing this deposition is necessary to prevent a failure of justice. *See Grossman*, 2005 WL 486735, at *3. Detective-1 is unavailable, his testimony is material, and the Court is not persuaded that there are any "substantial countervailing factors militating against the taking of the deposition." *Id.* To assuage any concerns about the jury being able to assess Detective-1's demeanor, any deposition shall be recorded by both stenographic and video means.

The parties shall confer regarding a date and location for taking this deposition. If disputes remain regarding the logistics of the deposition, the parties shall appear in person in Courtroom 320 of the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150 on Friday, January 16, 2026, at 3 pm for a conference with the Court.

The Clerk of Court is respectfully directed to terminate ECF Nos. 169 and 171.

Dated: January 14, 2026
White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge