UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

KYRIN CONYERS,
a/k/a "Kyro,"

Defendant.

23 Cr. 457 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On January 19, 2026, the Court issued an order instructing the government to provide the name of an undercover officer (the "UC") to defense counsel on an "Attorney's Eyes Only" ("AEO") basis. ECF No. 178. The Government filed a motion for reconsideration on the same date. ECF No. 180. The Court held a conference today, and both parties presented their position with respect to this issue. Upon consideration of the Government's motion and the parties' arguments, the Court grants reconsideration. The defense was unable to articulate why the Government's proposal of a walled-off investigator conducting searches at the defense's direction and without disclosing those searches or results to the Government's trial team is insufficient. By failing to do so, the defense has not articulated a "compelling need" for the UC's real name. *See In re the City of New York*, 607 F.3d 923, 945 (2d. Cir. 2010). Meanwhile, the Government, through the declaration of the Chief of Detectives for the NYPD and references to a past inadvertent disclosure, has established why providing this name even on an AEO basis places the UC's life at risk. In particular, the declaration details the dangers posed to undercover officers in the NYPD, how the NYPD protects the disclosure of the names of undercover officers even within its own department, and the particular risks in this case. ECF No. 180 at 8-13. The Government also cited to *United States v. Felton*, 17 Cr. 21 (WHP)—in which information

provided on an AEO basis was later discovered on social media. The Government represented at the conference that the *Felton* case is not an isolated incident and that there are other examples of inadvertent disclosure of information provided on an AEO basis.

For these reasons, the Court grants the Government's motion for reconsideration. The Government, through the walled-off investigator, shall run the defense's requested searches and disclose any resulting information with the UC's name redacted. The investigator is prohibited from communicating with the trial team the content, nature, or scope of any defense searches or their results. Within one day of completing this work, the investigator is directed to submit a declaration to the Court confirming that this procedure was followed. If the defense encounters issues, including delay or refusal to conduct any searches, the defense shall raise those issues immediately with the Court.

The Clerk of Court is respectfully directed to terminate ECF No. 180.

Dated:  January 20, 2026
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge