# Inner City Press

February 13, 2026

Honorable Jessica G. L. Clarke
United States District Judge Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street New York, New York 10007

Re: US Attorney's Office still withholding all exhibits after requesting courtroom sealing in United States v. Kyrin Conyers, S1 23 Cr. 457 (JGLC)

Dear Judge Clarke:

For Inner City Press, I have been covering the above-captioned case since well before the trial, with sealed courtroom, last month. I reported on the lack of clarify of how the sealed portions of the trial could be covered, and was told that

> Judge Clarke has already ordered that the Government would make the daily transcript of the UC's testimony available to the public through the court reporter's office and publish redacted versions of the exhibits, including the Buy Videos, to the public.

I went to Courtroom 23B but none of the exhibits referred to in the UC's testimony were shown.

On January 29 I emailed the US Attorney's Office with the above quoted and asked for the exhibits and transcripts.

I never got a response. This week, after the trial had concluded and I had been forced to "report" without this basic information that I must assume was meant to be provide during the trial and not afterward, I orally asked and was told to email again. I did.

Today I returned a call and was told that the above would not be complied with. I said Inner City Press has no interest in exposing the UC, and offered to accept video with no sound, given their focus on the UC's voice. I was told this open courts issue has nothing to do with the First Amendment. I disagree.

Still no exhibits were provided - now a letter from the Office, darkly alleging that Inner City Press somehow improperly exposes cooperating witnesses.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Chinatown Station, Box 130222, New York, NY 10013

I am writing immediately to respond. The reference, I believe, is to Inner City Press reporting what a cooperating witness in US v. Kevin Perez / Kay Flock(23-cr-99-LJL) said, such that the witness' sister who read Inner City Press came the next day to testify the from what she'd read, her brother was lying. Apparently the Office didn't like that, but its witness' testimony was in open court.

Or perhaps the unveiled anti-Press reference is to a recent guilty plea the Office moved from the Magistrates Court in 5A to another courtroom, apparently hoping that a proceeding required to be held in "open" court would in fact be noticed and covered by no one. Open courts are not a game.

The safeguards it seemed the Court instructed the US Attorney's Office to follow were not complied without during the trial, nor after until I reiterated my written required of January now in February.

To be offering these exhibits under these restrictions and only long after the trial and the Court's order makes a mockery of open courts.  To save the Office time I offered to take only a portion of the video, and with no sound. Now it seems they should redact it as was initially envisioned.

For context, when Inner City Press moved to unseal a 40 minute video in an EDNY criminal case before Judge Komitee, he ordered that EDNY US Attorney's Office to redact, and provide the video, which Inner City Press did publish. See, in US v. Jackson, 20- cr-476 (ERK), Dtk 108, https://storage.courtlistener.com/recap/gov.uscourts.nyed.454890/gov.uscourts.nyed.454890.108.0_1.pdf

In this case, these exhibits should have been provided during the trial, and should be provided now.

I am submitting this letter immediately upon seeing the US Attorney's Office belated anti-Press submission which seeks to reverse the presumption of open courts. It would set a terrible precedent, in this District and perhaps beyond.

Therefore: this is a request, on behalf of Inner City Press and in my personal capacity, for the exhibit shown during the US Attorney's Office-requested sealing of the courtroom. As the Second Circuit ruled in Lee v. Greenwood, 23-7432 (Ramos), sealing must be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values." See, https://storage.courtlistener.com/recap/gov.uscourts.ca2.f091de95-e6a3-4dbc-bde5-8db462fa0c1c/gov.uscourts.ca2.f091de95-e6a3-4dbc-bde5-

8db462fa0c1c.85.1.pdf, cited by Judge Cronan in
https://storage.courtlistener.com/recap/gov.uscourts.nysd.610688/gov.uscourts.nys
d.610688.259.0.pdf

   See also, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.
2006) - which states, "The common law right of public access to judicial
documents is firmly rooted in our nation's history."

   The issue of how to deal with this US Attorney's Office's demand to seal
courtrooms, and then not provide the exhibits or transcripts, should be addressed
by this Court's Media Access Committee the next time it meets.   Please act on this
challenge to the sealing(s) in this case, as SDNY Judges Hellerstein, Castel,
Caproni, Subramanian, Furman and others have done. See, e.g.,
https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nys
d.516151.85.0.pdf .

   If deemed necessary, this now is a request to intervene, see *United States v. All
Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

   Please act on this request, as soon as possible.

Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

All counsel by ECF