# Inner City Press

February 14, 2026

Honorable Jessica G. L. Clarke
United States District Judge Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street New York, New York 10007

Re: Reply to US Attorney's Office still withholding all exhibits after requesting courtroom sealing in United States v. Kyrin Conyers, S1 23 Cr. 457 (JGLC)

Dear Judge Clarke:

For Inner City Press, I have been covering the above-captioned case since well before the trial, with sealed courtroom, last month. On January 29, 2026 I wrote to the US Attorney's Office and asked for access to the exhibits offered while the courtroom was sealed.

Let me emphasize: the US Attorney's Office never responded in any way to that request, which their two recent letters to the Court acknowledge they received.

Only after I spoke approached the representative of the Office's press office referenced in the two letters in the hallway outside the Magistrates Court 5A on February 12 did anything happen. First, he asked me to resend my January 29 request, which his Office had entirely ignored. With regard to the transcripts, my January 29 request stated, and I now reiterate here:

"if you can tell me how to get these Conyers exhibits given Judge Clarke's orders, it would be great.   (I'm also told she ordered the Government to make the daily transcript of the UC's testimony available to the public through the court reporter's office - but I'm assuming that means for payment at the expedite rate, which is not possible for me - or are the transcripts free or lower cost?)"

Having not answered that for two weeks, the Office now says they have no idea if I went and paid whatever-per-page. And still, none of the exhibits.

The Office's delay in this case and others can and should be contrasted to SDNY Senior District Judge Jed S. Rakoff's March 15, 2021 order in *US v. Akhavan*, 20-cr-188-JSR, Dkt 232, that "when an exhibit is received into evidence at trial in this action, the offering party must make the document accessible to the public and the press no longer than 11:59 pm the following day. The offering party

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Chinatown Station, Box 130222, New York, NY 10013

may do this by any reasonable means, e.g., by posting the exhibits on a publicly accessible website for a reasonable duration." (This followed Inner City Press' docketed request of March 10, 2021).

The US Attorney's Office February 14 letter says "The files had all been uploaded to the site this afternoon, and the undersigned just shared them with Mr. Lee, as had been intended since we received his renewed post-trial request less than two days ago." But I still have no exhibits, much less any "just shared."

The Office's February 13 letter said that "[o]n February 13, 2026, the Government made... the other admitted trial exhibits (excluding the buy videos), available to the Reporter via a Government-controlled filesharing website."

But even now, after this was repeated in the February 14 letter, the "Government-controlled filesharing website" has nothing at all from US v. Conyers. In fact, since mid-2025 it has only six cases. One of them, *US v. Ghislaine Maxwell*, is a trial long concluded, and in any event that file is empty.

Then there are Rinsch, Stewart, Amarvel Biotech, *US v. Roman Storm* (in which the Office moved to seal the transcript of things said in open court about prosecuting another crypto firm) and *US v. Alexander*, in which no exhibits have been uploaded since February 5. There is a pattern here beyond the scope of this letter.

The Office's second letter says, "Mr. Lee did not avail himself of access to the UC's live courtroom testimony." First, I did go up to the courtroom on the 23rd floor, where the video screen showed the ceiling of your 11th floor courtroom, and none of the exhibits. Second, it is not for the Government to tell the press how it is to report, or how to use exhibits.

An issue here is that the press should not have to be in league with the US Attorney's Office in order to report on criminal cases. It should not have to agree to go see exhibits in 26 Federal Plaza and agree not to reproduce them; Inner City Press should not have been asked, on February 13, how it meant to use the exhibits, then be told that this has nothing to do with the First Amendment.

The press' right to report should not be contingent on having a close relationship with the prosecutor's office, or with the Government writ large.

As I have told the Office, I have no interest in outing the UC, nor am I cavalier about their witnesses' safety. But these concerns do no excuse their two weeks of inaction on Inner City Press' January 29, 2026 written request.

I offered yesterday morning to take the videos with no sound, and only a portion of the videos. I still sixteen days after my written request have no exhibits.

I can only conclude that the Court's order and safeguards for public access have not been complied with or made real in this case, and I ask for an order ensuring compliance and seeking to address if not remedy the Office's inexplicable two week ignoring of Inner City Press' written January 29 request, which is available in full upon request - and not, as the Office offered, ex parte and under seal.

I am submitting this immediately upon seeing the US Attorney's Office second anti-Press submission which seeks to reverse the presumption of open courts. It would set a terrible precedent, in this District and perhaps beyond.

Again, the issue of how to deal with this US Attorney's Office's demand to seal courtrooms, and then not provide the exhibits or transcripts, should be addressed by this Court's Media Access Committee the next time it meets.   Please act on this challenge to the sealing(s) in this case, as SDNY Judges Hellerstein, Castel, Subramanian, Furman and others have done. See e.g., https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf .

If deemed necessary, this is again a request to intervene, see *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

Please act on this request, as soon as possible.

Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

All counsel by ECF