

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 14, 2026

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> **Re:** *United States v. Kyrin Conyers*, S1 23 Cr. 457 (JGLC)

Dear Judge Clarke:

The undersigned apologizes for this ongoing exchange and affirms that this will be its last filing on the matter until the Court provides direction. The Government had sought to avoid bringing this matter to Your Honor at all by making a suggestion to Mr. Lee that would afford him the same opportunity to see and hear the videos that he would have had if he were inside the courtroom on January 28 and 29. We regret that did not work. Briefly addressing a few points:

The prosecution team had intended to respond to Mr. Lee's January 29 email to the Government's press office, including to notify him that redacted videos would be shown during the summation, which would be fully open to the public. Unbeknownst to the AUSAs, the Office's press office may not have responded as planned due, in part, to emergent press and victim/witness safety matters in another case. We apologize to you and Mr. Lee for that oversight. At the same time, Mr. Lee—who appears to have attended other parts of trial, contacted the Court multiple times, and is very capable of asserting his interests—does not seem to have raised the issue again until February 12, 2026, and the Government promptly replied. In the future, the undersigned encourages Mr. Lee to send a second email, as a professional courtesy, rather than assume he is being "entirely ignored." Inadvertent oversights are not the same as purposeful ignoring.

Since early this morning, the Government's file sharing site indicates that Mr. Lee has accepted the invitation to view the "U.S. v. Kyrin Conyers – Press Exhibits" folder:





Government staff is working to figure out why he is not seeing the material on his account and hopes to have the problem rectified as soon as possible.  This file contains nearly all of the Government's trial exhibits, including a particular security video that Mr. Lee identified as being of interest (GX 801), as well as one defense exhibit, and the UC's testimony transcripts.[1]

Mr. Lee also is of course not expected to be "in league" with the Government, but he should be expected to behave responsibly when witnesses' safety is at stake.  The Court contemplated exactly such behavior when it ordered that a member of the press pool would be allowed into the courtroom for the UC's testimony with the single, basic, common-sense requirement that they agree to protect the UC's identity.  *See* Dkt. #178 at 3.  The Government's question to Mr. Lee about what he planned to do with the buy videos was in keeping with the UC protections that were necessary at the start of trial and became even more necessary after the defendant's threatening gesture to the UC.

On the topic of witness safety, Mr. Lee casually describes a recent instance in which he attended an open court proceeding, noted several indicia that the defendant is a cooperating witness in a murder case, and then still published the defendant's name and the details of the proceeding.  *See* Dkt. #196 at 2.  Mr. Lee is correct that he has every right to do that, and the Government has done absolutely nothing to impede it.  He also has the right, unless ordered otherwise, to publish for the world (including the defendant's associates and any violent criminals with whom the UC engages every day) any UC buy videos that he receives in this case.  But such reporting is not the norm, and it threatens serious harm—not to a vague Government interest or philosophical principle, but to the physical safety of specific human beings and their families.  Mr. Lee's letters suggest he will publish the UC videos, and under these circumstances, the Government has the right to request—and the Court has the authority to order—restrictions "inhibiting disclosure of sensitive information."  *Waller v. Georgia*, 467 U.S. 39, 45 (1984).[2]

---

[1] If Mr. Lee has changed email addresses since registering for the site, that may perhaps be causing the issue—and may be a reason he has not seen exhibits posted from other proceedings in the recent past.  Again, the Government is actively working today to address this matter, but it may require a small degree of cooperation from Mr. Lee to ensure he has current access to the site.

[2] In citing *Avenatti*, *Akhavan*, and other unnamed cases in this District, Mr. Lee elides the nuanced, fact-specific inquiry called for by *Waller* and its progeny, and he ignores clear factual differences among cases.  As noted previously, *Avenatti* involved unsealing a defendant's financial affidavit in a fraud case.  *Akhavan* was a bank fraud case.  This case, on the other hand, involves a recidivist armed drug dealer who threatened to shoot an active undercover officer whose identity may be exposed by the exhibits at issue.  Within the last three weeks, the Government has had victims and/or witnesses intimidated or outright threatened mid-trial in two other cases besides this one.  In one of them—a murder prosecution before the Honorable Loretta A. Preska—someone posted on Instagram a photograph of a cooperating witness and his elementary school-aged son with the message that it is "killa season . . . at his school" and a graphic representing gunfire on the boy's neck.  *United States v. Williams*, 22 Cr. 600 (LAP).  Concerns about witness safety must be heightened in cases involving guns, drugs, and violence.  Mr. Lee does not engage with that issue.

Finally, in pointing out that courtroom 11B was at all times open and available to a member of the press, the Government is not trying to "tell the press how it is to report."  Dkt. #198 at 2. Rather, it is simply noting that Mr. Lee could have reported on the UC's testimony, and he did not do so.  It is of course his right not to attend any trial.  But that non-attendance should not now weigh in favor of his getting more expansive, unfettered use of sensitive exhibits under the false pretense that he was denied an "open court."

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Frank J. Balsamello / Lisa Daniels /
    Adam Z. Margulies
Assistant United States Attorneys
(212) 637-2325 / -2955 / -2345

CC:    Matthew Russell Lee, *Inner City Press* (by ECF)
       Michael Bradley, Esq., and Donald Yannella, Esq., *counsel for Kyrin Conyers* (by ECF)