

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 18, 2026

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007



Re:    *United States v. Kyrin Conyers*, S1 23 Cr. 457 (JGLC)

Dear Judge Clarke:

In response to the Court's order of February 15, 2026 (Dkt. #201), the Government writes to confirm that since February 14, 2026, Mr. Lee has had access to exhibits on the Government's filesharing site, per an email from Mr. Lee earlier this week. This upload includes the six buy video transcripts that were admitted into evidence. In addition, the Government included copies of the Court Reporters' transcripts of the days of the trial when the UC testified, so Mr. Lee need not pay to obtain them through the Court Reporters' Office.

The Court's order also directed the Government to inform the Court "whether it has any objection" to providing the videos in redacted form. (*Id.*). Based on the current state of the videos, the Government objects to providing them at this time but respectfully requests that the Court allow the Government to provide a further update within one week, by February 25, 2026. There were 13 UC buy videos admitted into evidence. The Government has stripped their audio and is in the process of verifying that all redactions of the UC's face are 100 percent complete. But as the Court no doubt recalls, some of the videos are more than 20 minutes long (totaling almost 4.5 hours), and they show a great deal of quick movement as the UC walked around with a recording device on his person. Faces, including the UC's own face, quickly flash across the screen countless times, from all directions and at all angles.

The project of carefully redacting such dynamic video footage is difficult, with stray frames of the UC's face remaining visible even after multiple rounds of review by Government and NYPD personnel. Redacting video for public release also requires a different level of intensive review than redacting it for public display in the courtroom, because once a video is on the Internet, members of the public can save their own copies and analyze them frame by frame to identify features that would not be apparent during a live viewing. Moreover, in some instances, this being one of them, a single mistake could negate the entire purpose of redacting at all because a single frame of the UC's face, across hours of video, poses the same risk as simply publishing his photograph. The Government has serious concerns about the feasibility of perfect 100-percent

redactions. Even so, the Government is trying, in good faith, to determine whether this can be safely accomplished. Ultimately, Mr. Lee's stated interest in these exhibits should not be vindicated by risking the UC's safety, especially in light of the threat that was made towards the UC *after* the Court's original order regarding sealing versus publicizing exhibits.

With apologies for belaboring this issue further, but given the serious implications of a mistake, the Government respectfully requests leave to report back to the Court in one week, by Wednesday, February 25, 2026, regarding the status of redactions and whether the Government believes that any remaining risks of disclosure can be eliminated or not. (In the event the Government accomplishes complete redactions prior to that date, it will promptly upload them and notify the Court that the issue is moot.) As noted above, a single one-frame oversight is an unacceptable risk that the Government and UC cannot bear, and the task of addressing them requires extraordinary diligence before the videos are potentially posted on the Internet.[1]

Notably, in the meantime, redacted videos (with audio included) remain available for Mr. Lee to review at the U.S. Attorney's Office, as has been offered since at least February 14.

We appreciate the Court's consideration and patience as we endeavor to meet the Court's expectations and Constitution's requirements, but without jeopardizing a law enforcement officer or his family.

Application GRANTED. The Government shall provide a further update by February 25, 2026. SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: February 19, 2026
    New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Frank J. Balsamello / Lisa Daniels / Adam Z. Margulies
Assistant United States Attorneys
(212) 637-2325 / -2955 / -2345

CC:   Matthew Russell Lee, *Inner City Press* (by ECF)
      Michael Bradley, Esq., and Donald Yannella, Esq., *counsel for Kyrin Conyers* (by ECF)

---

[1] This process could be expedited if Mr. Lee were to agree that, prior to posting any videos online, he would tell the Government which segments he intends to publish, so reviewers could focus attention on spot-checking those portions of the videos, rather than having to review all 13 videos in their entirety, at least some of which will likely be of no interest to Mr. Lee. Of course, Mr. Lee has the right to reject this suggestion as well, but the Government's press office has been asked to discuss it with him tomorrow.